Carroll,
March 10, 1903.

HORNE & a. v. HUTCHINS.

When the question in issue is the extent and manner in which water was actually used at a designated time and place, deeds and leases of the property which disclose nothing bearing upon that inquiry are properly excluded.

No exception lies to a refusal to report evidence which, if reported, would present no question of law.

BILL IN EQUITY. Hearing before *Young*, J., at the March term, 1902, of the superior court, " to determine to what extent and in

what manner, as to preference or otherwise, water was actually and usually used at the box factory, October 26, 1872, and prior thereto," as required by the former opinion of the court in this case. *Horne* v. *Hutchins,* 71 N. H. 128, 137.

The defendant excepted to the exclusion of certain deeds and leases of the box factory, offered for the purpose of showing what rights were actually attached to the box factory on the date in question.

The defendant requested the court to report the evidence tending to show that originally there were two five-foot, center-vent wheels in the Hutchins penstock; that one of them was changed in 1870 for a thirty-six-inch Cook wheel, which was rated to use thirty-three cubic feet of water per second, under a fourteen-foot head; and that the five-foot, center-vent wheel used considerably less water than the Cook wheel. The court refused to report these facts, on the ground that they were merely evidentiary, and the defendant excepted.

*Leslie P. Snow* and *Sewall W. Abbott,* for the plaintiffs.

*James A. Edgerly* and *Arthur L. Foote,* for the defendant.

REMICK, J. In *Horne* v. *Hutchins,* 71 N. H. 128, it was settled that in the deed of Cate to Hodge & Remick, Cate "adopted the physical state of the property at the date of the Hersey, Thompson & Co. deed [October 26, 1872], and the extent and manner of the use made of the water at that time in connection with the box factory, as the standard for measuring the rights and privilege conveyed by him." By this construction, it became immaterial what rights Cate or his grantors had previously assumed to convey or lease, or what rights they might have conveyed or leased had they seen fit to do so. Having adopted the physical state of the property and the actual use made of the water as the standard for measuring the rights conveyed by the deed, it only remained for the superior court to ascertain what the physical situation was. The deeds and leases offered by the defendant disclose nothing bearing upon that inquiry, and were properly excluded.

It does not appear that the evidence as to the water wheels, which the superior court refused to report at the request of the defendant, if reported, would have presented any question of law. The defendant's request was therefore properly refused.

*Exceptions overruled.*

All concurred.